UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DONNA J. LINDY<br>596 Smiley Ave<br>Springdale, OH 45246 | : <br> : <br> : <br> : | Case No. 1:23-cv-259 <br><br> Judge |
| Plaintiff, | : | |
| vs. | : <br> : | |
| ENERVISE INCORPORATED<br>10225 Alliance Rd.<br>Cincinnati, OH 45242 | : <br> : <br> : <br> : | |
| Defendant. | : | |

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff Donna Lindy, for her Complaint against Defendant, Enervise, Incorporated ("Enervise"), states as follows:

**I.     PRELIMINARY STATEMENT**

1.     This is a civil rights action arising out of Plaintiff Donna Lindy's employment with Enervise, Inc. Ms. Lindy alleges that she was a victim of discrimination and retaliation and was terminated because of her disability because of her request for a reasonable accommodation for her disability.

2.     Ms. Lindy's claims arise under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Ohio Civil Rights Act, O.R.C. §4112.02, *et seq.*

3.     Ms. Lindy seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for both her economic and non-economic injuries.  She also seeks punitive damages and equitable relief in the form of reinstatement or front pay, and an award of her reasonable attorney's fees and costs in prosecuting this matter.

## II. JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, 42 U.S.C. §12101, *et seq*. This Court may assume supplemental jurisdiction over Ms. Lindy's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from the same nucleus of operative facts as her federal claims.

5. Venue with this Court is appropriate because all or part of the claim for relief arose in the Southern District of Ohio.

## III. PARTIES

6. Plaintiff Donna J. Lindy is a United States citizen and a resident of Hamilton County, Ohio. Ms. Lindy worked for Enervise as an administrative assistant.

7. Defendant Enervise, Inc., is an Ohio corporation that specializes in commercial HVAC and plumbing contracting. Enervise is headquartered at 10225 Alliance Rd., Blue Ash, OH 45242.  Enervise is an "employer" as that term is defined by the Americans with Disabilities Act.

## IV. ADMINISTRATIVE HISTORY

8. On June 29, 2022, Ms. Lindy filed an administrative charge of discrimination and retaliation against SCC with the Equal Employment Opportunity Commission (473-2020-01501).  She alleged that Enervise discriminated against her because of her disability and retaliated against her for requesting a reasonable accommodation for her disability. The EEOC issued a Notice of Right to Sue on February 3, 2023.  This action is timely brought within 90 days of receiving the right-to-sue notice.

## V. STATEMENT OF THE CASE

9. Enervise hired Ms. Lindy in or about February 4, 2020, as an administrative assistant.

10. Enervise initially employed Ms. Lindy as a temporary employee. On or about January 4, 2021, Enervise hired Ms. Lindy as a full-time employee.

11. Ms. Lindy suffers from a disability. Specifically, Ms. Lindy suffers from depression, anxiety, and agoraphobia. These conditions substantially limit the normal functioning of Ms. Lindy's neurological system, and major life activities, including emotional regulation and social interaction.  Additionally, Ms. Lindy's anxiety also substantially limits the major life activities of driving a car.

12. Soon after she was hired, in or around March 2020, Ms. Lindy began working remotely on a full-time basis.

13. In or about December 2021, Ms. Lindy's depression and anxiety conditions began affecting her more severely, to the point that she became generally unable to leave her home. At the time, Ms. Lindy was still working remotely full time, and continued to do so.

14. In or around January 2022, David Plouffe, a vice president at Enervise, informed Ms. Lindy that Enervise was reworking her position. While approximately half of Ms. Lindy's duties would remain the same, she would now additionally be responsible for dispatching for the plumbing and controls department.

15. Mr. Plouffe also informed Ms. Lindy that she would be required to work in the office at least 50% of the time to undergo training for her new duties, and to perform other duties that he claimed could only be performed in the office.

16. Ms. Lindy explained to Ms. Plouffe that, because of her disabilities, she would not be able to come into the office. She requested that Enervise provide the training remotely via video conference.

17. Ms. Lindy also requested that Enervise provide her with a copy of her job description and specify which duties, if any, could only be performed in the office. Enervise did not respond to this request.

18. On or about February 27, 2022, Ms. Lindy made a written request for accommodation, requesting as an accommodation that she be permitted to receive the training via video conferencing, continue to work remotely, and an allowance for intermittent leave to accommodate acute anxiety attacks. Enervise did not substantively respond to this request.

19. Instead, Enervise informed Ms. Lindy that it had no work for her to perform remotely and required her to take an unpaid leave of absence in lieu of responding to her request for accommodation.

20. In order to preserve her employment, Ms. Lindy was forced to take unpaid leave beginning on or about March 2, 2022. However, Ms. Lindy continued to request remote work as an accommodation while she was on leave.

21. On May 31, 2022, Daniel Britt, a human resources manager at Enervise, acknowledged Ms. Lindy's requests for accommodation, and asked her to fill out several documents in furtherance of her request. Among these documents was a form titled "ADA Request for Accommodation Form."

22. Ms. Lindy timely completed these documents and returned them to Enervise on or about June 7, 2022, with a signed letter from her psychiatrist requesting that she be permitted to work remotely as an accommodation for her disabilities.

23. On June 15, 2022, Enervise denied Ms. Lindy's request, claiming in an email that it could not provide her with full-time remote work as an accommodation.

24. Enervise did not suggest an alternative accommodation, nor did it attempt to identify comparable available positions which could be performed remotely. Moreover, Enervise never specified which duties, if any, could not be performed remotely.

25. Instead, on June 15, 2022, Enervise terminated Ms. Lindy, on the basis that she could not perform the duties of her position without working remotely.

26. Enervise denied Ms. Lindy a reasonable accommodation for her disability.

27. Enervise terminated Ms. Lindy because of her disability, and in retaliation for requesting an accommodation for her disability.

28. As a direct and proximate result of Enervise's actions, Ms. Lindy has suffered and will continue to suffer damages from lost income and benefits, emotional distress, and damage to her professional reputation.

## VI. STATEMENT OF CLAIMS

### Count 1: Failure to Accommodate
### (42 U.S.C. § 12101 and O.R.C. § 4112.02)

29. Ms. Lindy incorporates paragraphs 1 through 28 as if fully rewritten herein.

30. Ms. Lindy suffers from a disability.

31. Ms. Lindy was otherwise qualified to work for Enervise, Inc. with a reasonable accommodation.

32. Enervise was aware of Ms. Lindy's disability.

33. Ms. Lindy requested an accommodation in the form of remote work, receiving a training via teleconference, and intermittent leave. The accommodations are reasonable because any of the accommodations would allow Ms. Lindy to perform the essential functions of her job and would not unduly harm Enervise.

34. Enervise terminated Ms. Lindy after denying her an accommodation.

35. A causal connection exists between Ms. Lindy's disability and the request for accommodation.

36. Enervise failed to provide the necessary accommodation and did not propose a reasonable, alternative accommodation that would allow Ms. Lindy to perform the essential functions of her position.

37. As a result of Enervise's illegal actions, Ms. Lindy has suffered damages including lost wages and emotional distress.

38. Enervise acted with malice and a conscious disregard for Ms. Lindy's rights under federal law not to be subjected to discrimination in her employment on account of a disability.

### Count 2: Disability Discrimination
### (42 U.S.C. § 12101 and O.R.C. § 4112.02)

39. Ms. Lindy incorporates paragraphs 1 through 38 as if fully rewritten herein.

40. Ms. Lindy suffers from a disability.

41. Ms. Lindy is qualified to perform the essential functions of her position with a reasonable accommodation.

42. Enervise terminated Ms. Lindy because of her disability, her record of disability, and/or because it regarded her as disabled.

43. As a result of Enervise's illegal actions, Ms. Lindy has suffered damages including lost wages and emotional distress.

44. Enervise acted with malice and a conscious disregard for Ms. Lindy's rights under federal law not to be subjected to discrimination in her employment on account of a disability.

## Count 3: Retaliation
## (42 U.S.C. § 12101 and O.R.C. § 4112.02)

45. Ms. Lindy incorporates paragraphs 1 through 44 as if fully rewritten herein.

46. Ms. Lindy engaged in protected activity when she requested multiple accommodations.

47. Enervise was aware of Ms. Lindy's requests for accommodations.

48. Enervise terminated Ms. Lindy.

49. There is a causal connection between Ms. Lindy's termination and her requests for accommodations.

50. As a result of Enervise's illegal actions, Ms. Lindy has suffered damages including lost wages and emotional distress.

51. Enervise acted with malice and a conscious disregard for Ms. Lindy's rights under federal law not to be subjected to discrimination in her employment on account of a disability.

## **PRAYER FOR RELIEF**

Wherefore, Ms. Lindy demands judgment against Enervise Incorporated as follows:

1. An award of compensatory damages for all economic damages suffered by Ms. Lindy in an amount to be determined at trial;

2. An award of compensatory damages for all non-economic damages suffered by Ms. Lindy in an amount to be determined at trial;

3. For an order reinstating Ms. Lindy to her previous position at Enervise, inclusive of all pay increases and benefits to which she would have been entitled had she not been terminated, or in the alternative, an award of front pay;

4. For an award of punitive damages in an amount to be determined at trial;

5. For an award of Ms. Lindy's reasonable attorney fees and costs;

6. For an award of any other relief in law or equity to which Ms. Lindy is entitled under the premises.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
Dennis A. Gleason (OH No. 0099045)
615 Elsinore Place Ste. 105
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@mezibov.com
dgleason@mezibov.com

*Attorneys for Plaintiff Donna Lindy*

## JURY DEMAND

Plaintiff Donna Lindy demands a jury trial to resolve all issues of fact related to her Complaint.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)